## United States Bankruptcy Court
### District of Maryland

In re  **Arlene P. Balunsat**
**Benjamin P. Balunsat**
Debtor(s)

Case No.  **09-26192**
Chapter  **13**

# CHAPTER 13 PLAN

☐ Original Plan  ☒ Amended Plan  ☐ Modified Plan

The Debtor proposes the following Chapter 13 plan and makes the following declarations:

1. The future earnings of the Debtor are submitted to the supervision and control of the Trustee, and Debtor will pay as follows (select only one):

   a.  $_____ per month for a term of _____ months. OR

   b.  $__**2,413.88**__ per month for __**4**__ month(s),
       $__**2,557.00**__ per month for __**56**__ month(s),
       $_____ per month for _____ month(s), for a total term of __**60**__ months. OR

   c.  $_____ per month prior to confirmation of this plan, and $_____ per month after confirmation of this plan, for a total term of _____ months (if this option is selected, complete 2.e.i.).

2. From the payments received, the Trustee will make the disbursements in the order described below:
   a. Allowed unsecured claims for domestic support obligations and trustee commissions.
   b. Administrative claims under 11 U.S.C. § 507(a)(2), including attorney's fee balance of $ **2,900.00** (unless allowed for a different amount by an order of court).  **This amount will be paid pursuant to Appendix F.**
   c. Claims payable under 11 U.S.C. § 1326(b)(3).  Specify the monthly payment: $__**0.00**__.
   d. Other priority claims defined by 11 U.S.C. § 507(a)(3) - (10).  The Debtor anticipates the following claims:

Claimant | Amount of Claim
---|---
-NONE- |

   e. Concurrent with payments on non-administrative priority claims, the Trustee will pay secured creditors as follows:

   i. Until the plan is confirmed, adequate protection payments and/or personal property lease payments on the following claims will be paid directly by the Debtor; and, after confirmation of the plan, the claims will be treated as specified in 2.e.ii or 2.e.iii, below (designate the amount of the monthly payment to be made by the Debtor prior to confirmation, and provide the redacted account number (last 4 digits only), if any, used by the claimant to identify the claim):

Claimant | Redacted Acct. No. | Monthly Payment
---|---|---
-NONE- | |

   ii. Pre-petition arrears on the following claims will be paid through equal monthly amounts under the plan while the Debtor maintains post-petition payments directly (designate the amount of anticipated arrears, and the amount of monthly payment for arrears to be made under the plan):

Claimant | Anticipated Arrears | Monthly Payment | No. of Mos.
---|---|---|---
**Mortgage Service Center** | 1,788.29 | 105.19 | 17
**One West Bank** | 25,667.85 | 1,509.87 | 17
**USAA Federal Savings Bank** | 60.00 | 3.53 | 17

        iii.    The following secured claims will be paid in full, as allowed, at the designated interest rates through equal monthly amounts under the plan:

| Claimant | Amount | % Rate | Monthly Payment | No. of Mos. |
|---|---|---|---|---|
| **Prince George's County Gov't** | **8,860.52** | **8.00%** | **553.03** | **17** |

        iv.    The following secured claims will be satisfied through surrender of the collateral securing the claims (describe the collateral); any allowed claims for deficiencies will be paid pro rata with general unsecured creditors; upon confirmation of the plan, the automatic stay is lifted, if not modified earlier, as to the collateral of the listed creditors:

| Claimant | Amount of Claim | Description of Collateral |
|---|---|---|
| **One West Bank** | **316,422.85** | **Single Family Residence<br>11001 Captains View Lane<br>Fort Washington, MD  20744<br><br>Debtors purchased the property in July, 1997. Debtors purchased the property for $150,000.00.  Debtors are approximately 8 months behind on the first mortgage** |
| **USAA Savings Bank** | **50,000.00** | **Single Family Residence<br>11001 Captains View Lane<br>Fort Washington, MD  20744<br><br>Debtors purchased the property in July, 1997. Debtors purchased the property for $150,000.00.  Debtors are approximately 8 months behind on the first mortgage** |

        v.    The following secured claims are not affected by this plan and will be paid outside of the plan directly by the Debtor:

Claimant
**Navy Federal Credit Union**

        vi.    If any secured claim not described in the previous paragraphs is filed and not disallowed, that claim shall be paid or otherwise dealt with outside the plan directly by the Debtor, and it will not be discharged upon completion of the plan.

        vii.    In the event that the trustee is holding funds in excess of those needed to make the payments specified in the Plan for any month, the trustee may pay secured claims listed in paragraphs 2.e.ii and 2.e.iii in amounts larger than those specified in such paragraphs.

    f.    After payment of priority and secured claims, the balance of funds will be paid 100% on allowed general, unsecured claims.  (If there is more than one class of unsecured claims, describe each class.)

3.    The amount of each claim to be paid under the plan will be established by the creditor's proof of claim or superseding Court order.  The Debtor anticipates filing the following motion(s) to value a claim or avoid a lien. (Indicate the asserted value of the secured claim for any motion to value collateral.):

| Claimant | Amount of Claim | Description of Property |
|---|---|---|
| **-NONE-** | | |

4. Payments made by the Chapter 13 trustee on account of arrearages on pre-petition secured claims may be applied only to the portion of the claim pertaining to pre-petition arrears, so that upon completion of all payments due under the Plan, the loan will be deemed current through the date of the filing of this case. For the purposes of the imposition of default interest and post-petition charges, the loan shall be deemed current as of the filing of this case.

5. Secured Creditors who are holding claims subject to cramdown will retain their liens until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or discharge under § 1328; and if the case is dismissed or converted without completion of the plan, the lien shall also be retained by such holders to the extent recognized under applicable nonbankruptcy law.

6. The following executory contracts and/or unexpired leases are assumed (or rejected, so indicate); any unexpired lease with respect to personal property that has not previously been assumed during the case, and is not assumed in the plan, is deemed rejected and the stay of §§ 362 and/or 1301 is automatically terminated:

| Other Party | Description of Contract or Lease | Assumed or Rejected |
|---|---|---|
| -NONE- | | |

7. Title to the Debtor's property shall revest in the Debtor when the Debtor is granted a discharge pursuant to 11 U.S.C. § 1328, or upon dismissal of the case, or upon closing of the case.

8. Non-Standard Provisions:


Date **November 15, 2009**            Signature **/s/ Arlene P. Balunsat**
                                               **Arlene P. Balunsat**
                                               Debtor


Date **November 15, 2009**            Signature **/s/ Benjamin P. Balunsat**
                                               **Benjamin P. Balunsat**
                                               Joint Debtor

Attorney   **/s/ Charles L. Wardell**
           **Charles L. Wardell 28498**